IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TRUSTEES OF IRON WORKERS LOCAL 11 PENSION FUND, | : | CIVIL ACTION |
| | : | NO. 22-1985 |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| KIM BUSCH & FIRST HOPE BANK, | : | |
| *Defendants* | : | |

PLAINTIFFS, TRUSTEES OF IRON WORKERS
LOCAL 11 PENSION FUND'S
COMPLAINT SEEKING RECOVERY OF OVERPAYMENT

Plaintiffs, Trustees of the Ironworkers Local 11 Pension Fund ("Pension Fund") are bringing this action to recoup an overpayment of pension benefits from the Pension Fund made to Carol Norton as a result of either an administrative error or the fraudulent conduct of Mr. Kim Busch, who is the son of Ms. Norton. Mr. Busch continued to allow pension survivor benefits to be deposited in Ms. Norton's bank account over which he had control and failed to timely notice the Fund of her death.

PARTIES

1. The Trustees are the administrator and fiduciaries of the Pension Fund as those terms are defined in the Employee Income Security Act of 1974 ("ERISA"), §§3(16) and (21), 29 U.S.C. §§1002(16) and (21). The Pension Fund is an ERISA-covered pension plan within the meaning of ERISA §3(2)(A),29 U.S.C. §1002(2)(A). As administrators and fiduciaries of the Pension Fund, the Trustees have discretionary authority to exercise control over the assets of the

Pension Fund and the payment of benefits from the Pension Fund. The Pension Fund has an office located at 11 Edison Place, Springfield, N.J. 07081.

2. Carol Norton was a former beneficiary of the Pension Fund. Ms. Norton died on April 8, 2020. On information and belief, Ms. Norton resided in Frelinghuysen Township, New Jersey. Plaintiffs do not have knowledge of whether an estate was opened for Ms. Norton following her death on April 8, 2020.

3. Kim L. Busch is the son of Carol Norton. On information and belief, Kim L. Busch resides at 43 Stillwater Road, Blairstown, N.J. 07825.

4. First Hope Bank is a commercial bank organized under the laws of New Jersey. First Hope Bank's principal place of business is 1301 Hope-Bridgeville Road, Hope, N.J. 07844.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§1132 (a)(3) and (e) (1) and 28 U.S.C. §1331.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§1132(e)(2) because the Pension Fund is administered in this district.

## FACTUAL BACKROUND

7. Carol Norton's husband, William Norton was a participant in the Pension Fund. Carol Norton was his surviving beneficiary. Following William Norton's death, Carol Norton began receiving survivor pension benefit checks in the amount of $975.44 per month.

8. On or about August 8, 2017, Kim L. Busch, as power of attorney for Carol Norton, executed an Electronic Deposit Pension Benefit Form directing the Pension Fund to automatically deposit his mother's pension survivor benefits into First Hope Bank checking

account number 110035192. (A true and correct copy of the electronic authorization form signed by Mr. Busch is attached as Exhibit A).

9. At all times relevant to this action, the Pension Fund deposited the monthly survivor pension benefit directly into the bank account maintained on behalf of Ms. Norton.

10. On or about November 5, 2020, the Pension Fund received information that Ms. Norton had died on April 8, 2020. (A true and correct copy of Carol Norton's death certificate is attached as Exhibit B).

11. At no time prior to November 5, 2020, did Kim L Busch or any other person or entity advise the Pension Fund of Ms. Norton's death.

12. Under the terms of the Pension Fund, upon her death, Ms. Norton's benefits ended, and she was not entitled to anything more from the Pension Fund.

13. Because the Pension Fund was not notified of Ms. Norton's death, monthly survivor pension benefits from the Pension Fund continued to be deposited in Ms. Norton's account at the First Hope Bank; there has been an overpayment of $6,828.08.

14. On November 5, 2020, and again on December 18, 2020, the Pension Fund sent a letter to Mr. Busch advising him of the overpayment and requesting an immediate payment of $6,828.08. (A true and correct copy of this letter is attached as Exhibit C).

15. On December 21, 2021, counsel for the Pension Fund sent a letter demanding payment. (A true and correct copy of this letter is attached as Exhibit D).

16. On January 26, 2022, counsel wrote a second letter demanding payment. (A true and correct copy of this letter is attached as Exhibit E).

17. Despite these requests, Mr. Busch has not agreed to pay the overpaid survivor pension benefits to the Pension Fund.

## COUNT I

**(For equitable relief to recover funds properly belonging to the Pension Fund)**

18. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-17 of the complaint.

19. This claim seeks to recover specifically identifiable funds paid by the Pension Fund that are either in the account at First Hope Bank or are in the possession or control of Mr. Busch but belong to the Pension Fund.

20. Pursuant to 29 U.S.C. §1132(a)(3), Plaintiffs are entitled to equitable relief to enforce the terms of the Pension Fund under which Mr. Busch is not entitled to retain the mistakenly paid survivor pension benefits that were paid to his mother's account because of his failure to timely notify the Fund of her death. Plaintiffs are entitled to impose a constructive trust on the $6,828.08 overpayment which is in Mr. Busch's control and to receive an equitable distribution of the same to recoup the assets that belong to the Pension Fund.

21. Plaintiffs have no remedy at law.

## COUNT II

**Common Law Fraud and Conversion Against Mr. Busch for
Common Law Fraud and Conversion**

22. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-21 on the complaint.

23. Despite having knowledge of his mother's death, Mr. Busch failed to advise the Pension Fund and caused the Pension Fund to continue to make deposits into Ms. Norton's bank account over which Mr. Busch had complete control and on information and belief, continued making withdrawals to the account of funds to which he was not entitled.

24. Mr. Busch's actions amount to intentional fraud perpetrated against the Pension Fund. He was aware of his mother's death, knew that the Pension Fund continued to deposit survivor pension benefit checks into an account he controlled but failed to report her death. Mr. Busch's actions in withdrawing funds to which he was not entitled constitute conversion. Mr. Busch's actions were intentional, improper and reckless entitling the Pension Fund to recover both actual damages of $6,828.08 and punitive damages.

## PRAYER FOR RELIEF

Based on the foregoing, Plaintiffs pray for the following relief:

a. That the Court issue an injunction, prohibiting Mr. Busch from dissipating, transferring, spending or encumbering the $6,828.08 overpayment which is in Mr. Busch's possession and control and is on information and belief located in an identifiable account at First Hope Bank (Account 1100035192). Without this relief, Plaintiffs will suffer irreparable harm;

b. That the Court enter judgment in favor of Plaintiffs on Count I, imposing a constructive trust in the amount of $6,828.08 on the specifically identifiable funds in Mr. Busch's custody and control and granting Plaintiffs the remedy of equitable restitution of the specifically identifiable funds in the amount of $6,828.08 or, if the funds have been transferred, imposing a constructive trust and/or equitable lien on the specifically identifiable funds, accounts, or property where those funds can be traced;

c. That the Court award damages for Mr. Busch's fraudulent conduct described in Count II in the amount of $6,828.08;

d. That the Court award pre and post judgment interest;

e. That the Court award Plaintiffs their costs, including attorney's fees pursuant to 29 U.S.C. §1132(g).

  f.  That the Court award any additional relief that it deems just and proper including punitive damages.

                 **CLEARY, JOSEM & TRIGIANI LLP**

            **BY:** ***/s/ Regina C. Hertzig***
                REGINA C. HERTZIG, ESQUIRE
                Constitution Place
                325 Chestnut Street, Suite 200
                Philadelphia, PA  19106
                (215) 735-9099
                rhertzig@cjtlaw.org

Dated:  April 6, 2022

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

  The undersigned hereby certifies, pursuant to Local Civil Rule 11.2 and in compliance with 28 U.S.C §1746, that with respect to the matter in controversy, the Trustees of the Iron Workers Local 11 Pension Fund are not aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

                 **CLEARY, JOSEM & TRIGIANI LLP**

            **BY:** ***/s/ Regina C. Hertzig***
                REGINA C. HERTZIG, ESQUIRE
                Constitution Place
                325 Chestnut Street, Suite 200
                Philadelphia, PA  19106
                (215) 735-9099
                rhertzig@cjtlaw.org

Dated:  April 6, 2022